UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, INC., SIERRA CLUB, INC., and OUR CHILDREN'S EARTH FOUNDATION, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:01-CV-71 (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Clean Air Act ("CAA") case is before the Court on Plaintiffs' Rule 59(e) Motion for Reconsideration Regarding the Court's March 11, 2005 Order and Motion for Leave to Amend [Doc. 101]. Plaintiffs argue four grounds for reconsideration of the Court's order dismissing this case [Doc. 100] and further argue that they should be permitted to file a second amended complaint. Plaintiffs have submitted briefs in support of the pending motion [Docs. 102, 106], TVA has responded in opposition [Doc. 105], and the motion is now ripe for determination.

Upon careful consideration of the pending motion, related pleadings, the authorities cited therein, and the record as a whole, plaintiffs' motion for reconsideration will be denied and plaintiffs' request for leave to amend will be denied.

**I.     Motion to Alter or Amend Judgment**

On March 11, 2005, this Court entered an order [Doc. 100] and memorandum opinion [Doc. 99] granting TVA's motion for summary judgment on the statute of limitations and dismissing this case. Specifically, the Court found that plaintiffs' claim for civil penalties was time-barred and that plaintiffs' claims for declaratory and injunctive relief are barred by the concurrent remedy rule. [Doc. 99 at pp. 14, 18.]

Pursuant to Fed. R. Civ. P. 59(e), plaintiffs argue that there are four reasons for the Court to alter or amend its previous order. Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Internat'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Court notes at the outset that plaintiffs do not argue that the Court's order should be set aside due to a change in controlling law or on the basis of newly discovered evidence. Instead, plaintiffs contend the motion was filed to correct errors of law [Doc. 102 at p. 3], although the substance of their arguments are more appropriately characterized as arguments to prevent manifest injustice. TVA contends that Rule 59 motions should not be used to rehash arguments already made or to make arguments a party previously chose not to make. TVA contends that plaintiffs have not presented sufficient reasons for further consideration of their arguments to prevent manifest injustice.

First, the plaintiffs request that the Court rule on TVA's previous motion for summary judgment on the civil penalties claim on the grounds of sovereign immunity. The plaintiffs argue that, if TVA is immune from the imposition of civil penalties (a point that plaintiffs

2

dispute), then plaintiffs would be limited to equitable relief and the concurrent remedy rule would not apply. Thus, if TVA is entitled to sovereign immunity, the plaintiffs request that the Court reinstate their claims for equitable relief.

TVA contends that this argument is contrary to the parties' agreement and representations to the Court that the statute of limitations issue should be decided prior to the other then-pending motions, including the motions relating to sovereign immunity. TVA also argues that sovereign immunity is not a threshold jurisdictional issue that must be decided in advance of the merits. Thus, the fact that plaintiffs' civil penalty claim might be dismissed on grounds other than the statute of limitations (such as the sovereign immunity defense) does not bar the application of the statute of limitations or the concurrent remedy rule. [Doc. 105 at pp. 5-10.]

In reply, plaintiffs argue the sovereign immunity issue relates to this Court's subject matter jurisdiction. Thus, plaintiffs argue the Court cannot rule on the merits (as it has done) based on an assumption that plaintiffs can obtain penalties for TVA's alleged CAA violations. In other words, if the Court has no jurisdiction to award civil penalties, then the Court has no power to apply the concurrent remedy doctrine.

The Court observes that the parties did request the Court to rule on the statute of limitations issue first and that they agreed that the issue of sovereign immunity may be precluded if TVA was successful on the statute of limitations. The plaintiffs are in essence asking the Court to reinstate this time-barred case on the possibility that the resolution of a disputed defense will allow the plaintiffs to resurrect a portion of their claims, a novel legal

3

theory for which they cite no analogous legal authority. The Court must take the plaintiffs' claims as they are pled and the Court has determined that the claims as pled are barred by the statute of limitations. Because that ruling is dispositive of the entire case, the Court finds that there is no basis to reinstate plaintiffs' claims.

Second, plaintiffs argue that they allege not only that TVA failed to obtain a pre-construction permit, but also that TVA has and is violating the Tennessee State Implementation Plan ("SIP") by operating the Bull Run plant without an emission limitation known as BACT. Thus, plaintiffs contend that they may still obtain relief for TVA's failure to comply with BACT. TVA contends that plaintiffs are merely rehashing their arguments previously rejected and this Court agrees. Accordingly, the Court does not find this argument to be a basis to reinstate plaintiffs' claims.

Third, regarding the application of the discovery rule to CAA cases, plaintiffs argue that they have raised an issue of fact whether anyone other than TVA could have known that the Bull Run project would result in an emissions increase and thus trigger PSD review. Specifically, plaintiffs argue that even though the public had notice of the 1988 project at Bull Run, only TVA had knowledge that the project would result in an emissions increase and thus there are genuine issues of material fact which preclude entry of summary judgment. TVA correctly points out that this Court previously ruled that the discovery rule does not apply to this case [Doc. 99 at p. 16]. Therefore, plaintiffs' argument is without merit and does not provide a basis to reinstate this case.

4

Fourth, plaintiffs argue that TVA has operated and continues to operate the Bull Run plant without a valid operating permit. Because TVA did not disclose to TDEC that it performed a major modification at the Bull Run plant, the Bull Run operating permit does not require TVA to apply BACT and is thus in violation of the Tennessee SIP. This argument is also a reiteration of plaintiffs' position on summary judgment and therefore presents no grounds for reconsideration.

For all of these reasons, plaintiffs' motion for reconsideration will be **DENIED**.

## II. Motion for Leave to File Second Amended Complaint

Plaintiffs seek leave, pursuant to Fed. R. Civ. P. 15 and 59(e), to file a second amended complaint. Plaintiffs contend that the proposed second amended complaint sets forth "with much more precision" a claim under the CAA and Tennessee SIP for continuing violations arising from ongoing operations of the Bull Run plant without a valid operating permit. Plaintiffs concede that this motion is an attempt to "recast" their claims in a way as to avoid the statute of limitations. Plaintiffs acknowledge that their motion is "unusual" since it was filed after the dismissal of their claims. Plaintiffs suggest that the interests of justice favor granting their motion to amend.

TVA opposes plaintiffs' request to amend the complaint on the grounds that the first amended complaint has been dismissed and therefore there is no pending complaint to amend. Additionally, TVA contends that plaintiffs' proposed amendment is futile because plaintiffs' claims are time-barred.

In light of the Court's previous order and the rulings set forth above, the Court agrees with TVA that plaintiffs have no active complaint to amend and therefore plaintiffs' motion for leave to amend will be **DENIED**.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE